IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VALENZUELA RODRIGUEZ,

    Plaintiff,                    No. CIV S-07-2531 FCD GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.            ORDER

                                /

            Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has paid the filing fee in full. *Because plaintiff is responsible for serving his complaint if he is not deemed to be proceeding in forma pauperis, the court will afford plaintiff an opportunity to file an in forma pauperis affidavit, even though plaintiff has paid the full filing fee. Should plaintiff make the requisite showing pursuant to 28 U.S.C. § 1915(a), plaintiff will <u>not</u> be assessed any further filing fee, but the court will be able to direct the U.S. Marshal to serve the complaint, and plaintiff will not be responsible for service of process.*

            The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
3  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
4  U.S.C. § 1915A(b)(1),(2).

5  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
10 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
11 Cir. 1989); Franklin, 745 F.2d at 1227.

12 A complaint must contain more than a "formulaic recitation of the elements of a
13 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
14 speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).
15 "The pleading must contain something more...than...a statement of facts that merely creates a
16 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
17 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this
18 standard, the court must accept as true the allegations of the complaint in question, Hospital
19 Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
20 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.
21 McKeithen, 395 U.S. 411, 421 (1969).

22 The complaint states a colorable claim for relief against defendants Gov.
23 Schwarzenegger (in his official capacity only); California Department of Corrections and
24 Rehabilitation (CDCR) Secretary James Tilton (in his official capacity only); Warden Campbell;
25 Chaplain Barham; Associate Warden D. B. Long; Mike Valdez; Captain R. J. Robinson;
26 Correctional Officer (C/O) Cagle; C/O Kowalzych; Appeals Coordinator Reyes, pursuant to 42

U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff names some 22 defendants in this civil rights action, the gravamen of which is that he, a Native American inmate, recognized as occupying the ministerial position of "Keeper of the Sacred Pipe" or "Pipe Carrier," and as vice-chairman of the Mule Creek State Prison (MCSP) Facility-A Native American Spiritual Circle Council, has been deprived of his constitutional right to the free exercise of his religion since July 11, 2005. Complaint, pp. 6-7. Since that date, plaintiff has been deprived of tobacco to smoke his sacred pipe. Id., 6-8. Plaintiff alleges that MCSP prison officials have continuously restricted Native American religious/spiritual programs and functions without due process, and have failed to abide by their own regulations and established practices and policies in doing so. Id. at 7. Specifically, under the law prohibiting tobacco products/smoking supplies and smoking, there is a specific exemption for religious practices and purposes, which defendants have failed to adhere to. Id.

However, plaintiff conflates his colorable claims regarding the alleged deprivation of First Amendment religious exercise rights with murkier claims going back to the year 2000. Plaintiff claims that since that year, MCSP officials have held only one meeting with the elected representatives of the Native American Council and the Pipe Carrier, alleging thereby a violation of unidentified state policies or regulations. Id. Plaintiff fails therein to identify any federal constitutional right of which he is deprived by the unnamed prison officials' failure to meet with the Native American group prior to altering any religious rule or policy. Plaintiff does not state a federal due process claim by claiming that prison officials have "capriciously" failed to abide by their own rules "more and more each year since the year 2000," by restricting certain Native American spiritual programs simply because they failed to meet with the Native American Council. The court has as nearly as possible identified those defendants against whom plaintiff has stated colorable claims above. To the extent, however, that plaintiff seeks to implicate defendants for action or inaction involving his vague claims preceding the events of July, 2005, such claims and defendants are dismissed although plaintiff will be granted leave to amend.

Plaintiff seeks money damages and preliminary injunctive relief, which the court will construe herein as a request for permanent prospective injunctive relief. With respect to his claims for money damages as to defendants Schwarzenegger, Woodford, Hickman, Tilton, Mike Knowles, Scott Kernan, R. Subia, M. Bunnell, Sylvia Garcia, R. J. Bueno, K. Rutherford, Starnes, Pannel, Pimentel, Canada, plaintiff is informed that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). These defendants will be wholly dismissed with leave to amend within thirty days, with the exception of defendants Schwarzenegger and Tilton, who are herein dismissed, with leave to amend, in their individual capacities only.

Just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). In this case, plaintiff has named defendants Schwarzenegger and Tilton in their official capacities and to the extent that he seeks prospective injunctive relief, plaintiff need name no further defendant although he may seek to name the current warden of Mule Creek State Prison in any amended complaint. As to his injunctive relief claims, plaintiff should make clear that he seeks permanent injunctive relief, rather than simply preliminary injunctive relief.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On February 28, 2008, plaintiff filed a "declaration in support of request for TRO and/or preliminary injunctive relief, evidently in support of the claim for preliminary injunctive relief he included as part of the relief he sought in his complaint.  Plaintiff includes, inter alia, declarations by two inmates, who seek to be immediately transferred to High Desert Prison in order to escape what they characterize as consistent and on-going deprivations at Mule Creek State Prison that they, as Native Americans, have experienced in seeking to engage in their religious/spiritual practices.  Plaintiff's declaration does not plainly set forth of preliminary injunctive relief he is seeking, nor is his declaration accompanied by a properly filed motion.  In addition, plaintiff states in his declaration that he is currently working on an amended complaint.  Plaintiff's declaration, construed as a motion for preliminary injunctive relief, is defective and will be denied without prejudice to the filing of a properly supported motion for preliminary injunctive relief, once he has decided either to proceed on the original complaint or has filed an

amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has paid the filing fee in full and will be assessed no further filing fee; however, plaintiff must file an in forma pauperis affidavit, within thirty days, to make the requisite showing, pursuant to 28 U.S.C. § 1915(a), for the undersigned to determine whether plaintiff may be entitled to have the court direct the U.S. Marshal to serve the complaint or amended complaint.

2. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff's claims against Schwarzenegger (in his individual capacity only), Tilton (in his individual capacity only), Woodford, Hickman, Mike Knowles, Scott Kernan, R. Subia, M. Bunnell, Sylvia Garcia, R. J. Bueno, K. Rutherford, Starnes, Pannel, Pimentel, Canada are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

5. Plaintiff's February 28, 2008, declaration, construed as a motion for a TRO/ preliminary injunctive relief, is denied as defective, without prejudice to the filing of a properly supported motion for preliminary injunctive relief.

DATED: 03/11/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE