1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUIS VALENZUELA RODRIGUEZ,

11           Plaintiff,                    No. CIV S-07-2531 FCD GGH P

12       vs.

13   ARNOLD SCHWARZENEGGER, et al.,

14           Defendants.                   ORDER

15   _____/

16           By Order, filed on April 22, 2008 (# 7), plaintiff, pursuant to his April 10, 2008

17   request, was granted thirty days in which to file an amended complaint and a request to proceed

18   in forma pauperis.[1]  On April 17, 2008 (# 6), plaintiff filed a document that was in the form of a

19   letter directed to the undersigned, wherein he alleges that defendants, including those who have

20   yet to be named but are to be included in his amended complaint, conspired to attempt the

21   murder plaintiff.  On April 2, 2008, plaintiff had had emergency heart surgery involving the

22   placement of three stents in plaintiff's heart of which defendants were aware, and plaintiff has

23

24           [1] Plaintiff's claims as to certain defendants, in this complaint the gravamen of which is an
     allegation that he has been deprived of his First Amendment right to the free exercise of religion,
25   have been dismissed with leave to amend.  Although plaintiff has paid the filing fee in full, the
     court has permitted plaintiff to seek to qualify for in forma pauperis status so that he might obtain
26   the benefits thereof.  See Order, filed on March 11, 2008.

                                            1

been on prescription blood thinner since.  A month of information being spread to inmates by

unidentified officers and a counselor contending that plaintiff is a "snitch,"culminated in a

physical attack from plaintiff's back, wherein an unnamed person or persons, also stomped

plaintiff while several unnamed officers witnessed the incident, and after which plaintiff was

taken to the Amador Sutter Hospital Emergency Room.  Plaintiff believes that further proof of

his being set up for a "hit" is evidenced by three inmate witnesses coming forward to say that

plaintiff was engaged in mutual combat and threw the first punch, notwithstanding his medical

condition.  See Letter.

Plaintiff claims to be a Mental Health patient at the CCCMS level of care and that

he has been traumatized by four "near death" experiences since July of 2006.  In addition, he

claims to have been subjected to a number of ad seg placements due to false reports and that he is

deprived of items of spiritual significance during ad seg stays and access to his stored legal files

and to the law library.  Id.

While plaintiff's claims are both dramatic and wide-ranging, plaintiff has failed to

file adequate supporting information for the court to construe that plaintiff has moved for a TRO

or preliminary injunction, and to grant any relief.  See Order, filed on March 11, 2008, pp. 6-7.

However, plaintiff's claim that he was set up for a vicious physical attack shortly after heart

surgery, even if ultimately proven to be simply a histrionic and unfounded allegation, raises

sufficient concern that the Attorney General will be directed to contact prison authorities and

staff to ascertain plaintiff's safety.

Accordingly, IT IS ORDERED that:

1. The state Attorney General, or his designee, is directed take the necessary steps

to contact prison authorities and staff to ascertain plaintiff's safety; and

\\\\\

\\\\\

\\\\\

2.  The Clerk of the Court is directed to send Joan Cavanagh, Supervising Deputy

Attorney General, a copy of this order, as well as a copy of plaintiff's letter, filed on April 17,

2008 (# 6).

DATED: 04/24/08                              /s/ Gregory G. Hollows

                                             GREGORY G. HOLLOWS
                                             UNITED STATES MAGISTRATE JUDGE

GGH:009
rodr2531.let