1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUIS VALENZUELA RODRIGUEZ,

11              Plaintiff,                    No. CIV S-07-2531 FCD GGH P

12         vs.

13   ARNOLD SCHWARZENEGGER, et al.,

14              Defendants.                   ORDER

15   _____/

16         Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983.  By order, filed on 3/11/08, certain of the claims/defendants were dismissed with

18   leave to file an amended complaint.  Plaintiff, having been granted an extension of time by order,

19   filed on 4/22/08, plaintiff filed an amended complaint.

20         Although plaintiff had paid the filing fee in full, plaintiff was granted an

21   opportunity to make the showing pursuant to 28 U.S.C. § 1915(a), for in forma pauperis status,

22   so that plaintiff would not be responsible for service of process.   Plaintiff has submitted a

23   declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to

24   proceed in forma pauperis will be granted, but plaintiff will not be assessed any further filing fee.

25         As plaintiff has been previously informed, the court is required to screen

26   complaints brought by prisoners seeking relief against a governmental entity or officer or

1

1   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

2   or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

3   fail to state a claim upon which relief may be granted, or that seek monetary relief from a

4   defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

5          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12         A complaint must contain more than a "formulaic recitation of the elements of a

13  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

14  speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

15  "The pleading must contain something more...than...a statement of facts that merely creates a

16  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

17  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

18  standard, the court must accept as true the allegations of the complaint in question, Hospital

19  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

20  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

21  McKeithen, 395 U.S. 411, 421 (1969).  In screening the original complaint, the court stated:

22         The complaint states a colorable claim for relief against defendants
            Gov. Schwarzenegger (in his official capacity only); California
23         Department of Corrections and Rehabilitation (CDCR) Secretary
            James Tilton (in his official capacity only); Warden Campbell;
24         Chaplain Barham; Associate Warden D. B. Long; Mike Valdez;
            Captain R. J. Robinson; Correctional Officer (C/O) Cagle; C/O
25         Kowalzych; Appeals Coordinator Reyes, pursuant to 42 U.S.C. §
            1983 and 28 U.S.C. § 1915A(b).

26

Plaintiff names some 22 defendants in this civil rights action, the gravamen of which is that he, a Native American inmate, recognized as occupying the ministerial position of "Keeper of the Sacred Pipe" or "Pipe Carrier," and as vice-chairman of the Mule Creek State Prison (MCSP) Facility-A Native American Spiritual Circle Council, has been deprived of his constitutional right to the free exercise of his religion since July 11, 2005. Complaint, pp. 6-7. Since that date, plaintiff has been deprived of tobacco to smoke his sacred pipe. Id., 6-8. Plaintiff alleges that MCSP prison officials have continuously restricted Native American religious/spiritual programs and functions without due process, and have failed to abide by their own regulations and established practices and policies in doing so. Id. at 7. Specifically, under the law prohibiting tobacco products/smoking supplies and smoking, there is a specific exemption for religious practices and purposes, which defendants have failed to adhere to. Id.

However, plaintiff conflates his colorable claims regarding the alleged deprivation of First Amendment religious exercise rights with murkier claims going back to the year 2000. Plaintiff claims that since that year, MCSP officials have held only one meeting with the elected representatives of the Native American Council and the Pipe Carrier, alleging thereby a violation of unidentified state policies or regulations. Id. Plaintiff fails therein to identify any federal constitutional right of which he is deprived by the unnamed prison officials' failure to meet with the Native American group prior to altering any religious rule or policy. Plaintiff does not state a federal due process claim by claiming that prison officials have "capriciously" failed to abide by their own rules "more and more each year since the year 2000," by restricting certain Native American spiritual programs simply because they failed to meet with the Native American Council. The court has as nearly as possible identified those defendants against whom plaintiff has stated colorable claims above. To the extent, however, that plaintiff seeks to implicate defendants for action or inaction involving his vague claims preceding the events of July, 2005, such claims and defendants are dismissed although plaintiff will be granted leave to amend.

Order, filed on 3/11/08, pp. 2-3.

In his amended complaint, plaintiff again sets forth some colorable claims against a number of defendants, this time identifying the relevant period during which he was deprived of tobacco for religious ceremonies as extending from July 6, 2005, through November, 2007. Amended Complaint (AC), pp. 7-15. In addition, plaintiff alleges that certain defendants refused to permit him time off from his job assignment to attend his religious sweatlodge services during

3

the period of time from July, 2000 to 2002.  AC, p. 16.

Plaintiff then proceeds to go much further afield, alleging instances of the purported filing of false disciplinary reports by an Officer Gandy on 3/27/02, in the form of a fraudulent CDC-115 disciplinary report against plaintiff for "theft from workplace;" also by Gandy, in the form of a subsequent CDC-128 chrono that got plaintiff removed from his "chapel clerk" position; by a defendant Starnes on 4/08/02 in the form of a CDC 128 chrono, alleging falsely that plaintiff had admitted to using the office word processor to do legal work for other inmates for pay.  AC, pp. 17-18.  Plaintiff's complaints about Gandy's actions resulted in retaliatory action by defendants Sgt. Starnes and Officer Rutherford, as well as unnamed others, who, on 4/08/02, allegedly rushed into plaintiff's chapel office, strip searching plaintiff with Starnes confiscating seven full floppy disks (except for one), containing plaintiff's pro se legal work on his own criminal case.  Id., at 18.  Among the litany of remaining allegations, plaintiff contends that he was issued a false disciplinary 115 for "misuse of state equipment"; that a defendant Martinez initiated "a campaign of adverse" retaliatory and conspiratorial actions to have plaintiff removed from his mental health, single-cell custody designation.  Id., at 21. Further, on 5/03/03, defendants Brown and Warren "maliciously falsified a 'confidential informant memo" wherein plaintiff's cell partner (which he evidently acquired after no longer having single cell status) supposedly claimed to have been threatened and intimidated by plaintiff.  Id., at 21.

Plaintiff entangles these and other claims with those that do appear related to the gravamen of this action, that is, he alleges that between August and October of 2003, defendants Duclos and Bueno denied plaintiff Saturday sweatlodge ceremony services, as did defendant Pimentel from August 21, 2003, until September 21, 2003.  Id., at 25-26.  Plaintiff also contends that a defendant Baker confiscated several of plaintiff's Native American religious items on April 13, 2004.  Id., at 26.

\\\\\

4

1    Inmates have a right to be free from the filing of false disciplinary charges in

2    retaliation for the exercise of constitutionally protected rights.  Pratt v. Rowland, 65 F.3d 802,

3    807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson,

4    778 F.2d 527, 532 (9th Cir. 1985).  The Ninth Circuit treats the right to file a prison grievance as

5    a constitutionally protected First Amendment right.  Hines v. Gomez, 108 F.3d 265 (9th Cir.

6    1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to

7    utilize a prison grievance procedure is a constitutionally protected right, cited with approval in

8    Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir.

9    1996) (retaliation for pursing a grievance violates the right to petition government for redress of

10   grievances as guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d

11   677, 679-80 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation

12   for filing prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing

13   disciplinary actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854

14   F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of

15   grievances is precisely the sort of oppression that section 1983 is intended to remedy" (alterations

16   and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in

17   retaliation for complaint about food actionable).

18   In order to state a retaliation claim, a plaintiff must plead facts which suggest that

19   retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor

20   behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th

21   Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate

22   correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).

23   Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d

24   136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim,

25   because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810

26   F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a

1  prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's

2  constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

3          This is not to say that a vexatious grievance filer can never be punished.

4  Vexatious litigants may be the subject of court discipline, and the undersigned would find it

5  incongruous that while the courts can punish vexatious filings, prison officials may not.  Indeed,

6  the right to petition for grievances is not absolutely protected; such a right has no greater

7  protection than speech in general.  Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997).  In

8  the prison context, one's free speech rights are more constricted from what they would be on the

9  outside.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987).  Again, plaintiff

10  must show that the actions or omissions constituting the "retaliation" served no legitimate

11  penological goal.

12          Although plaintiff has set forth some colorable claims within the amended

13  complaint, the manner with which he sets them forth violates Rule 8 of the Federal Rules of Civil

14  Procedure.  Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts.  See

15  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set

16  forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of

17  the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8

18  requires only "sufficient allegations to put defendants fairly on notice of the claims against

19  them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

20          Although plaintiff has set forth some colorable claims within the amended

21  complaint, this court is far too over-burdened to attempt minutely to parse out plaintiff's

22  colorable claims from his frivolous or unrelated ones.  In asserting multiple unrelated claims

23  against different defendants, plaintiff presents the kind of "mishmash of a complaint" that has

24  been roundly repudiated, and this action should be dismissed on that ground as well.  George v.

25  Smith, 507 F.3d 605, 607 (7th Cir. 2007)("[u]nrelated claims against different defendants belong

26  in different suits").   The amended complaint will be dismissed with one further opportunity for

1  plaintiff to file an amended complaint within thirty days.  Should plaintiff fail to do so, the court

2  will proceed on plaintiff's original complaint, with findings and recommendations dismissing

3  certain claims and defendants as previously set forth in the court's order, filed on 3/11/08.

4       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

6  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

7  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

8  there is some affirmative link or connection between a defendant's actions and the claimed

9  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

10  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

11  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

12  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

15  amended complaint be complete in itself without reference to any prior pleading.  This is

16  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

17  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

18  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

19  original complaint, each claim and the involvement of each defendant must be sufficiently

20  alleged.

21  Motion for Preliminary/Permanent Injunctive Relief

22       On April 17, 2008, plaintiff filed a letter, claiming, inter alia, that his life was in

23  jeopardy due to actions of defendants or those to be named as defendants, that he had had

24  emergency heart surgery on April 2, 2008, but had been attacked thereafter while unnamed

25  officers watched, and had been transported to a hospital emergency room.  By order, filed on

26  April 17, 2008, the court directed the state Attorney General to take the necessary steps to contact

1   prison staff and authorities to assure plaintiff's safety.  Thereafter, Supervising Deputy Attorney

2   General Tracy S. Hendrickson filed a letter, on May 22, 2008, indicating that the physical attack

3   to which plaintiff referred, following a procedure that was not heart surgery but a procedure

4   involving the insertion of a cardiac catheter, was the result of an alleged attack by plaintiff on his

5   cell partner who defended himself by hitting plaintiff in the back once then by punching him in

6   the face.  After being evaluated at Amador Hospital, plaintiff was returned to the facility, and

7   evaluated again by a registered nurse.  Plaintiff received a Rules Violation Report for mutual

8   combat.  Ms. Hendrickson also asserts that as a result of serious allegations of staff misconduct

9   on April 17, 2008, plaintiff was placed in ad seg in a single cell, pending investigation and due to

10  possible safety concerns as to the inmate population.  Moreover, prison officials reported no

11  information as to plaintiff's allegations that he was the target of any planned "hit."  See docket #

12  10.  Plaintiff's response to the letter from the Attorney General's office, filed on 6/04/08 (# 12),

13  disputes that he attacked his cell partner because he claims to have had single cell status since

14  December of 2006.  He re-asserts his claim that he was attacked, stating that he was in the

15  medication waiting line with several officers a few yards away.  Plaintiff includes exhibits which

16  appear to support his contention that two inmates reported that plaintiff was attacked by another

17  inmate, although one inmate witness indicates that plaintiff and the other inmate were not talking

18  when plaintiff got hit, and another states that the two were first arguing, when the inmate hit

19  plaintiff.  See # 12, p. 24.  Nevertheless, plaintiff indicates that he was subsequently placed in ad

20  seg and confirms the representation by the Attorney General's office that an investigation of

21  plaintiff's serious staff misconduct allegations.  Id., p. 20.  The court will find that the Attorney

22  General has discharged the court's order.

23          On July 1, 2008, plaintiff filed a document entitled "motion requesting

24  preliminary-prospective and permanent injunction...."  Docket # 13.  Within this motion, plaintiff

25  claims to be a victim of a pattern of retaliatory actions when plaintiff complains that he is being

26  deprived of his right to practice his Native American religion.  Id., at 1.  He seeks return of his

1   Native American spiritual items, including tobacco; to be able to participate in a weekly

2   sweatlodge ceremony; weekly access to his stored legal files; removal from ad seg; reinstatement

3   of contact visits; protection from prison staff harassment and from allegedly false disciplinary

4   reports; to be able to remain in a prison close to Sacramento, where his children, grandchildren

5   and wife are located.  Id. at 2-3.  Plaintiff asserts that he is an ex-death row inmate, and is

6   acknowledged by "political groups around the world as a 'political prisoner.'"  Id., at 4.  He

7   claims that FBI and CIA reviews and/or investigators confirm that he continues to be in danger

8   from Pelican Bay State Prison officials, which findings resulted in plaintiff's transfer to Mule

9   Creek State Prison.  Id., at 5.  Plaintiff claims to have been subjected to four "near death

10   experiences," including the incident outlined above in April of 2008.  Id., at 7-8.  On the one

11   hand he complains of his placement in ad seg and of the deprivation of family contact visits,

12   while it appears that he has been placed there, at least in part, due to concerns he has raised about

13   his own safety.

14   <u>Legal Standard</u>

15           The legal principles applicable to a request for preliminary injunctive relief are

16   well established.  "The traditional equitable criteria for granting preliminary injunctive relief are:

17   1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff

18   if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4)

19   advancement of the public interest (in certain cases)."  <u>Dollar Rent A Car v. Travelers Indem.</u>

20   <u>Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative

21   tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates

22   '<u>either</u> a combination of probable success on the merits and the possibility of irreparable injury <u>or</u>

23   that serious questions are raised and the balance of hardships tips sharply in his favor.'"  <u>Martin</u>

24   <u>v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (quoting <u>William Inglis &</u>

25   <u>Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth

26   Circuit has recently reiterated that under either formulation of the principles, if the probability of

1  success on the merits is low, preliminary injunctive relief should be denied:

2      <u>Martin</u> explicitly teaches that "[u]nder this last part of the
3      alternative test, even if the balance of hardships tips decidedly in
       favor of the moving party, it must be shown as an irreducible
4      minimum that there is a fair chance of success on the merits."

5  <u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting

6  <u>Martin</u>, 740 F.2d at 675).

7      In cases brought by prisoners involving conditions of confinement, any

8  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

9  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

10 correct the harm."  18 U.S.C. § 3626(a)(2).

11 <u>Discussion/Conclusion</u>

12     Plaintiff seeks a plethora of forms of injunctive relief, without even clarifying that

13 which he seeks as a form of permanent and that which he seeks in the form of preliminary

14 injunctive relief.  In any event, in a second amended complaint, he should plainly set forth the

15 relief he seeks as prospective permanent injunctive relief, including that with any claims for

16 money damages.  To the extent he seeks preliminary injunctive relief, as the case is not as yet

17 proceeding upon any of plaintiff's claims, the court is unable to evaluate the likelihood of

18 plaintiff's success on the merits of his underlying action.  The court will vacate plaintiff's request

19 for preliminary injunctive relief without prejudice to his bringing a well-supported motion for

20 appropriate preliminary injunctive relief, once this action proceeds and defendants have been

21 served.

22     Accordingly, IT IS HEREBY ORDERED that:

23     1.  Plaintiff's request for leave to proceed in forma pauperis is granted; however,

24 because plaintiff has paid the filing fee in full, he will be assessed no further filing fee;

25     2.  The amended complaint is dismissed as, inter alia, violative of Fed. R. Civ. P.

26 8, with leave granted for plaintiff to file a second amended complaint, within thirty days; should

plaintiff elect not to do so or should he file a second amended complaint similarly defective as was the first amended complaint, the court will direct service of the original complaint, along with findings and recommendations of dismissal of certain claims/defendants contained in that complaint.

3.  The Attorney General has discharged the order, filed on 4/25/08 (# 8), by the filing of document # 10, on May 22, 2008; and

4.  Plaintiff's motion for preliminary/prospective injunctive relief, filed on 7/01/08 (# 13), is vacated without prejudice to the filing of a properly supported motion for preliminary injunctive relief once this matter proceeds on a modified version of the original complaint or upon a second amended complaint, and defendants have been served.

DATED:  09/26/08

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
rodr2531.amd

11