1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT FOR THE

10                      EASTERN DISTRICT OF CALIFORNIA

11

12   LUIS VALENZUELA RODRIGUEZ,              No. 2:07-cv-02531-ATG

13                                           ORDER
                   Plaintiff,
14                                           (DOCUMENT # 27)
            vs.
15
     ARNOLD SCHWARZENEGGER, et al.
16

17              Defendants.

18   _____/

19          Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42

20   U.S.C. § 1983.  Having been granted extensions of time by order, plaintiff filed a third

21   Amended Complaint on May 7, 2009 (Docket # 22).  Focusing on his incarceration at Mule

22   Creek State Prison (MCSP), plaintiff names a large number of defendants, including state

23   officials, prison officials, and prison staff.  The gravamen of the Amended Complaint is that

24   defendants have deprived plaintiff of his constitutional right to the free exercise of his Native

25   American religion and have retaliated against him for complaining about defendants' conduct.

26          In February 2009, plaintiff was transferred from MCSP to Kern Valley State Prison

27   (KVSP), where, according to plaintiff, the conditions of his incarceration have worsened.  On

28   May 26, 2009, plaintiff filed a motion, dated March 19, 2009, seeking the court's intervention to

1   protect his safety and possibly his life (Docket # 24), as well as an accompanying declaration in

2   support of preliminary and prospective injunctive relief (Docket #23).  Plaintiff seeks an order

3   requiring defendants to place him in a single cell because of "various medical, mental health,

4   and safety needs" allegedly arising from his difficulty controlling his bowel movements as well

5   as his diagnosis of bipolar disorder.  Plaintiff also seeks an investigation into defendants'

6   conduct.

7       Also on May 26, 2009, plaintiff filed a letter advising the court that his health and safety

8   are at risk, and seeking appointment of counsel and a hearing (Docket #25).  In addition,

9   plaintiff filed a letter, dated February 2009 but signed on May 20, 2009, seeking, among other

10  things, his immediate return to MCSP, medical examinations, the return of his legal files, and

11  prison records relating to his February 10, 2009 suicide attempt (Docket # 26).

12

13  The Amended Complaint

14      As plaintiff has been informed previously, the court is required to screen complaints

15  brought by prisoners seeking relief against a governmental entity or officer or employee of a

16  governmental entity.  28 U.S.C. § 1915A.  The court must accept as true the allegations of

17  Amended Complaint, Hospital Bldg. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

18  construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in

19  plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).  Federal Rule of Civil

20  Procedure 8(a) requires only "sufficient allegations to put defendants fairly on notice of the

21  claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

22      In the latest Amended Complaint, plaintiff sets forth colorable claims against numerous

23  prison officials and staff.  Plaintiff alleges, inter alia, that defendants: improperly confiscated

24  his personal property, including religious objects, for extended periods of time; retaliated

25  against plaintiff for his administrative complaints; unreasonably restricted plaintiff's access to

26  religious ceremonies in prison; and desecrated the prison's Native American sacred grounds.

27      Plaintiff's recent letters to the court, particularly the letter filed May 26, 2009 (Docket #

28  26), allege that such misconduct has continued until recently.  The court will treat the May 26

1   letter (Docket # 26) as an amendment to the Amended Complaint.  In responding to the

2   Amended Complaint, defendants shall address the factual allegations in that letter as well.

3

4   Motion for Preliminary Injunctive Relief

5       A court "may issue a preliminary injunction if the moving party demonstrates 'either a

6   combination of probable success on the merits and the possibility of irreparable injury or that

7   serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin v.

8   Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons

9   Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 87 (9th Cir. 1975)).  However,

10  "federal courts should be circumspect when asked to intervene in the operation of state

11  prisons."  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

12      In the Amended Complaint, plaintiff seeks injunctive relief prohibiting defendants from

13  retaliating against him by restricting: 1) his possession and use of tobacco and other medicinal

14  plants, 2) his participation in religious ceremonies, and 3) his access to a spiritual advisor.

15  Plaintiff also requests that the court order defendants to investigate the alleged misconduct and

16  conduct additional training.  Finally, plaintiff asks the court to order the return of religious

17  items that defendants allegedly seized from his cell.  Plaintiff's allegations do not establish

18  probable success on the merits, irreparable injury, or the balance of hardship tipping strongly in

19  his favor.

20      As discussed above, plaintiff's other recent pleadings seek additional equitable relief.

21  The letter to the court that plaintiff filed on May 26, 2009 (Docket # 25) claimed that his health

22  and life are in jeopardy, and sought appointment of counsel.  The letter dated March 19, 2009,

23  and filed May 26, 2009 (Docket # 24), and the accompanying declaration (Docket #23), seek an

24  investigation into defendants' conduct and plaintiff's safety, as well as the return of plaintiff to

25  single-cell status.  Another letter (Docket #26) seeks an immediate return to MCSP and the

26  return of plaintiff's medical and legal files.

27      The court notes that to the extent plaintiff seeks medical injunctive relief, his

28  independent claims are barred by the class action litigation Plata v. Schwarzenegger, No. 01-

1351.  The court declines to grant plaintiff any preliminary injunctive relief at this time.  The court will reconsider plaintiff's requests after defendants submit their responses.  However, the Attorney General shall respond immediately to this Order with a written response informing the court of the status of plaintiff's health and safety.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send plaintiff thirty-three USM-285 forms, one summons form, an instruction sheet, a copy of the Amended Complaint filed May 7, 2009 (docket # 22), and a copy of plaintiff's motion filed May 26, 2009 (Docket #26), and any other necessary forms.

2. Within thirty days from the date of this Order, plaintiff shall submit the following documents to the court:

a. One completed summons; and

b. One completed USM-285 form for each defendant.

3. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the U.S. Marshall to serve defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

4. Defendants shall respond to the claims in plaintiff's Amended Complaint and the amendment to the Amended Complaint (Docket #26) within twenty-one days of the service of the summons by the U.S. Marshall.

5. Plaintiff's request for preliminary injunctive relief is denied without prejudice.

6. Plaintiff's request for appointment of counsel is denied without prejudice.

7. The Attorney General is directed to take the necessary steps to contact prison staff and authorities to assure plaintiff's safety, and to notify the court immediately of the status of plaintiff's health and safety.

//

//

Dated: June 23, 2009

/s/ Alfred T. Goodwin

_____
ALFRED T. GOODWIN.
United States Circuit Judge
Sitting by designation

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9   TYRONE JORDAN,                          )        2:07-cv-00854-HDM-RAM
                                            )
10                  Plaintiff,              )
                                            )        NOTICE OF SUBMISSION OF
11  vs.                                     )        DOCUMENTS
                                            )
12  M. VEAL, et al.,                        )
                                            )
13                  Defendants.             )
    _____)

14

15      Plaintiff hereby submits the following documents in compliance

16  with the court's order filed _____:

17      _____      completed summons form

18      _____      completed USM-285 forms

19      _____      copies of the _____
                                  Complaint/Amended Complaint
20

21  DATED:

22                                _____
                                  Plaintiff
23

24

25

26

27

28

1