IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ, | No. 2:07-cv-02531-ATG |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTIONS |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al. | |
| Defendants. | |
| _____/ | |

On February 11, 2010, Plaintiff Luis Valenzuela Rodriguez ("Plaintiff") filed a Motion for Appointment of Counsel. (Docket #61). Plaintiff filed a similar motion on December 28, 2009, which the Court denied January 12, 2010. (Docket #54; Docket #55). Plaintiff's second Motion for Appointment of Counsel is DENIED.

Plaintiff has filed a Motion for Leave to File an Amended Complaint. (Docket # 59). The Court previously ordered Plaintiff, if he wished to amend his Complaint, to seek leave of the court and include a description of how the proposed amended complaint differs from the presently operative complaint. (*See* Docket # 49; Docket # 53; Docket # 55). Though Plaintiff did not attach a copy of his proposed amended complaint, he states that his "amended complaint is nothing more than a clearer repeat of his previously amended complaint and the ordered

1 supplemental complaint, with the necessary and recently obtained more specific facts and issues
2 . . . ." (Decl. Rodriguez (Docket # 59) ¶ 10). Leave to file an amended complaint drafted in
3 accordance with the description in the Motion is GRANTED.

Plaintiff's Motion for Leave to File an Amended Complaint impliedly asks the Court for assistance with the discovery rules. (Docket #59 at 13-14). Plaintiff is referred to Federal Rule of Civil Procedure 26 for information on discovery.

Plaintiff also filed a Motion for Preliminary and/or Permanent Injunction, and a Motion to Supplement the Motion for Preliminary and/or Permanent Injunction. (Docket # 50; Docket #63). Plaintiff's Motion to Supplement is GRANTED, and the Court has considered both Motions.

Plaintiff is not entitled to a permanent injunction at this point in the proceedings.

A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). Here, Plaintiff has not established a likelihood of success on the merits. Moreover, Plaintiff has been moved from Mule Creek State Prison to Kern Valley State Prison, and therefore many of Plaintiff's requests are moot. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986). Thus, Plaintiff's Motion for Preliminary and/or Permanent Injunction is DENIED. Plaintiff's request for a hearing on this Motion is likewise DENIED.

Dated: March 11, 2010

/s/ Alfred T. Goodwin
_____
ALFRED T. GOODWIN.
United States Circuit Judge
Sitting by designation